UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:23-cr-144(ACR) |
| | : | |
| JOSHUA ABATE, | : | |
| Defendant. | : | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF PROBATION, Doc. 52**

The United States, by and through counsel, respectfully files this Memorandum in Opposition to the defendant's Motion for Early Termination of Probation, Doc. 52. As explained below, early termination of the defendant's probation is not merited here and is not supported by the 18 U.S.C. § 3553(a) factors. Of most salience, the requested early termination of probation would create unwarranted sentencing disparities among similarly situated defendants and would result in a sentence that does not account for the extremely serious nature of the offense: disrupting the peaceful transfer of power on January 6. Accordingly, the government submits that the Motion should be denied.

I.   Background

The defendant was arrested on January 18, 2023 based on a Complaint alleging violations of 18 U.S.C. §§ 1752(a)(1) and (2) and 40 U.S.C. §§ 5104(e)(2)(D) and (G) arising from the defendant's participation in the riot at the U.S. Capitol Building on January 6, 2021. *See* Compl., Doc. 1; Arrest Warrant, Doc. 5. The defendant then pled guilty to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of § 5104(e)(2)(G), pursuant to a plea agreement on June 12, 2023. *See* 6/12/23 Minute Entry; Plea Agreement, Doc. 31; Statement of Offense, Doc. 32.

II.    <u>Argument</u>

*A. Early Termination Standard*

Pursuant to 18 U.S.C. § 3564(c), a court has discretion to terminate a term of probation imposed in a misdemeanor case at any time "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*; *see also United States v. Hartley*, 34 F.4th 919 (10th Cir. 2022) (holding that a district court must make individualized determinations based on the applicable statutory criteria before responding to a request to modify a sentence); *cf. United States v. Ferrell,* 234 F.Supp.3d 61, 63 (D.D.C. 2017) (same holding for considering early termination of probation in felony case). And although "extraordinary circumstances . . . are not necessary for such termination," they "may be sufficient to justify early termination of a term of supervised release." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

Courts have routinely held that mere compliance with the conditions of probation without more does not warrant early termination. *See e.g.*, *United States v. Suarez*, 21-cr-205 (DLF), 11/9/23 Minute Entry ("As courts in this district have previously held, 'good behavior alone' is generally 'insufficient to warrant early termination' of probation.") (citing *United States v. Parker*, 219 F. Supp. 3d 183, 191 (D.D.C. 2016)); *United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017) (affirming denial of motion to modify conditions of probation where "the magistrate judge applied the correct legal standard when she considered the 18 U.S.C. § 3553(a) factors and determined that Salazar's mere compliance with the conditions of probation, without more, did not warrant early termination"); *United States v. Acosta-Triana*, No. CR 01-0817 (ES), 2017 WL 4786559, at *2 (D.N.J. Oct. 23, 2017) (finding general compliance with probation terms

"insufficient to terminate probation"); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (stating that full compliance with probation conditions is what is expected of defendants and "[e]arly termination is not warranted where a defendant did nothing more than that which he was required to do by law.").

Likewise, under the similar analysis for supervised release modification motions, model post-incarceration conduct and unblemished compliance with the terms of supervised release, standing alone, have been found insufficient to warrant early termination of supervised release when the defendant has not "show[n] something 'of an unusual or extraordinary nature' in addition to full compliance." *See, e.g.*, *United States v. Longerbeam*, 199 F.Supp.3d 1, 2–3 (D.D.C. 2016) (holding that "while the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to "exceptionally good behavior" or "something of an unusual or extraordinary nature in addition to full compliance."); *see also United States v. Mathis–Gardner*, 110 F.Supp.3d 91, 93–94 (D.D.C. 2015) (noting courts "have found that mere compliance with the conditions of release is not enough to merit early termination of supervised release because model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release") (quotations omitted).

Two published cases in this district provide useful guidance. In *United States v. Longerbeam*, 199 F.Supp.3d 1 (D.D.C. 2016), the court explained that in this circuit, either "changed circumstances" or "something of an unusual or extraordinary nature in addition to full compliance" is needed to justify early termination of supervised release because otherwise the exception would "swallow the rule." *Id*. at 2 (citing *United States v. Mathis–Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015), *United States v. Lussier*, 104 F.3d 32, 32 (2d Cir. 1997) and *United*

3

*States v. Etheridge*, 999 F.Supp.2d 192 (D.D.C. 2013)). And in *United States v. Mathis–Gardner*, 110 F.Supp.3d 91, 93–94 (D.D.C. 2015), the court explained that in spite of the defendant's argument that she had taken dramatic steps to give back to her community since her release from prison, early termination was not in the interest of justice based on the need for supervised release to serve as punishment and a general deterrent.

Similarly, Judge Friedrich recently denied a January 6 defendant's request for early termination of probation in *United States v. Saurez*. *See Suarez*, 11/9/23 Minute Entry. There, as here, the defendant had pled guilty to a single count of Parading, Picketing, or Demonstrating in the Capitol Building under 40 U.S.C. § 5104(e)(2)(G). The defendant sought early termination of probation after completing her community service, which the court recognized and commended: "The Court is pleased to see that the defendant has completed her community service, fully complied with the terms of her probation, engaged in productive mental health therapy, and opened a new business." *Id.* Yet, the court denied the defendant's request, because "the defendant's offense -- participation in the January 6 riot -- was exceptionally serious; in view of the nature of the defendant's offense, early termination would not promote respect for the law, provide just punishment, or afford adequate general deterrence." *See id.*

Finally, at least one circuit has opined that it is improper for a district court to commit itself to a particular resentencing result in advance. In *United States v. Moore*, the defendant was resentenced after a probation violation, and the Tenth Circuit reversed because the district court improperly committed itself to the result of the resentencing in advance. 30 F.4th 1021, 1025 (10th Cir. 2022). This prohibition follows from the requirement that the § 3553(a) factors along with the other prescribed be considered anew upon a defendant's motion pursuant to 18 U.S.C. § 3564(c).

4

### B. The § 3553(a) factors do not support early termination.

In his Motion for Early Termination, the defendant asks for early termination of this one-year term of probation after less than two months on probation. The defendant's sole basis for his request is the fact that he has already completed his Court-ordered community service hours.

The defendant's expeditious completion of his community service hours, while commendable, is insufficient by itself to justify termination of his probation. The defendant in *Mathis-Gardner* also completed her court-ordered supervision "very early" and had otherwise performed in an exemplary manner on supervised release. *See Mathis-Gardner*, 110 F. Supp. 3d at 93. Yet the court there ruled that it would not be in the interests of justice to end the defendant's term of supervised release early. *See id.* at 94.

Furthermore, the § 3553(a) factors do not support early termination of probation in this case. In particular, early termination of the defendant's probation would result in unwarranted sentencing disparities among similarly situated defendants. The United States Attorney has published a routinely-updated chart with sentences imposed in January 6-related cases.[1] Even just a cursory review of that chart reveals that a functional sentence of two months probation, 279 hours of community service, $500 in restitution, and a $10 special assessment would be far outside of the norm among January 6 cases where the defendant was found guilty of violating 40 U.S.C. § 5104(e)(2)(G). In just the first twenty pages of the seventy-seven page chart, the vast majority of sentences are for single-count convictions under § 5104(e)(2)(G), and nearly all of those sentences include periods of probation of over a year and/or more onerous limitations on the defendants' liberty such as periods of incarceration or home detention.

---

[1] *See* Sentences Imposed in Cases Arising Out of the Events of January 6, 2021 (last updated Oct. 20, 2023), available at: https://www.justice.gov/file/1594006/download.

Given the seriousness of the events of January 6, 2021, the functional sentence that the defendant requests here would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See Suarez*, 11/9/23 Minute Entry. These are not run-of-the-mill misdemeanor cases; they are serious offenses that were committed during an unprecedented riot that threatened the peaceful transfer of power. And with the 2024 elections looming, the government is acutely aware of the need to deter future criminal conduct and submits that a term of probation of just two months' time will not adequately deter other would-be offenders from engaging in similar conduct in the future. *See also* Gov't Sent Memo, Doc. 44 at 13.

III.  Conclusion

For all of the forgoing reasons, as well as the reasons articulated in the Government's Sentencing Memorandum, Doc. 44, the government respectfully requests that the Court deny the defendant's Motion for Early Termination of Probation.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/ Katherine E. Boyles
Katherine Boyles
Assistant United States Attorney
D. Conn. Fed. Bar No. PHV20325
Katherine.Boyles@usdoj.gov
Phone: 203-931-5088
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001